**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TORSIELLO PLASTIC SURGERY & WOUND CARE LLC,

Plaintiff,

v.

K.B., *et al.*,

Defendants.

Civil Action No. 25-18323 (JXN)(MAH)

**OPINION**

**NEALS**, District Judge

Before the Court is Defendants Oxford Health Insurance, Inc. ("Oxford") and UnitedHealthcare Insurance Company s/h/a United Healthcare's ("United") (together, "Insurers") motion to dismiss. (ECF No. 13.) Plaintiff Torsiello Plastic Surgery & Wound Care LLC ("Plaintiff") did not oppose. The Court has carefully considered the Insurers' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, this matter is **REMANDED** and the Insurers' motion to dismiss is **DENIED** as moot.

## I. BACKGROUND

### A. Statement of Facts

Defendant K.B. ("Patient")[2] had five knee surgeries between September and November 2019. (*See* Compl. ¶¶ 5, 10, 15, 18, 19, ECF No. 7-1.) At the time, she received health insurance

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] The Court *sua sponte* amended the caption of this case and sealed all documents using Patient's name. That is because Plaintiff sued Patient using her full name, while describing her medical procedures and insurance information in detail. This is unacceptable. As Local Civil Rule 5.2 admonishes, "caution *must* be exercised when filing documents that contain . . . [m]edical records, treatment, and diagnoses." L. Civ. R. 5.2(17) (emphasis added). Caution was not exercised here. The parties are reminded that "failure to redact personal identifiers in a document filed with the Court

through an employer-sponsored benefits plan ("Plan"). (*See* Defs.' Ex. A ("Plan") § II(A), ECF No. 13-3.[3]) Oxford administers the Plan. (*See id.* at 1.) United owns Oxford. (*See id.* at *2.[4])

Plaintiff is "a specialized medical provider based in Bergen County." (Compl. ¶ 1.) Plaintiff's principal, Dr. Michael Torsiello ("Torsiello"), is a surgeon specializing in "plastic and reconstructive surgery, wound care, and microsurgery." (*Id.* ¶ 2.) He operated on Patient's knee four times. (*Id.* ¶¶ 10, 15, 18, 19.) Plaintiff claims Patient and her husband, T.B. (collectively, "Individual Defendants") agreed to pay for Plaintiff's services and to assign Plaintiff the right to seek the reimbursement of benefits. (*Id.* ¶ 22.)

A surgeon other than Plaintiff replaced Patient's left knee in September 2019. (*Id.* ¶ 5.) On October 1, 2019, Plaintiff met with Patient after she twisted her left knee. (*Id.* ¶¶ 8–9.) Plaintiff charged $1,835 for the consultation. (*Id.* ¶ 25.) Oxford reimbursed only $665. (*Id.*) Patient paid $0. (*Id.*)

The next day, Plaintiff surgically repaired Patient's left knee. (*Id.* ¶¶ 7–10.) Oxford reimbursed Plaintiff only $39,600 for the operation. (*Id.* ¶ 26.) Two weeks later, on October 19, 2026, Plaintiff operated on Patient's left knee following another injury. (*Id.* ¶ 15.) Oxford did not reimburse Plaintiff. (*Id.* ¶ 27.) Plaintiff charged Patient $146,974.40 for the October 2 and October 19 surgeries. (*Id.* ¶ 28.) Patient has paid $0. (*Id.* ¶ 29.)

On November 23 and 25, 2019, Plaintiff performed two extensive surgeries on Patient's left knee. (*Id.* ¶¶ 17–19.) Oxford reimbursed Plaintiff $1,917.69 for the first surgery and $639.90

may subject them to the full disciplinary and remedial power of the Court, including sanctions pursuant to Federal Rule of Civil Procedure 11." *Id.*

[3] Courts may "look beyond the four corners of a complaint" when "addressing factual predicates" for subject matter jurisdiction. *Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 820 (3d Cir. 2023).

[4] Pincites preceded by an asterisk (*) use ECF pagination.

for the second. (*Id.* ¶¶ 30, 33.) Plaintiff charged Patient $46,437.48 and $29,762.60 for the respective surgeries. (*Id.* ¶¶ 31, 34.) She paid $0. (*Id.* ¶¶ 32–35.)

### B. Procedural History

Plaintiff sued the Insurers and Individual Defendants (collectively, "Defendants") on October 20, 2025, in New Jersey Superior Court. (*See generally id.*) Count One "interpleads all of the Defendants – in an effort to have the appropriate party/parties pay the appropriate amounts to the Plaintiff" for services rendered. (*Id.* ¶ 38.) Count Two asserts "Plaintiff deserves to be compensated for the value of said medical services from those who benefited." (*Id.* ¶ 41.)

The Insurers timely removed. (*See* Notice of Removal, ECF No. 1; Am. Notice of Removal, ECF No. 7.) They assert that Count One "clearly arises" under federal law, and, in any event, the Complaint is nonetheless removable "based on the 'complete preemption' exception to the 'well-pleaded complaint' rule." (Am. Notice of Removal ¶ 9.)

The Insurers moved to dismiss. (*See* Mot. to Dismiss, ECF No. 13.) The Insurers argue (1) United is an improper defendant; (2) to the extent Count One asserts an interpleader action, it fails as a matter of law; (3) to the extent Count One seeks to recover ERISA benefits, it also fails as a matter of law; and (4) because ERISA preempts state law unjust enrichment claims, the Court must dismiss Count Two. (*See* Defs.' Moving Br., ECF No. 13-1.) Plaintiff did not oppose.

## II. <u>LEGAL STANDARD</u>

Subject matter jurisdiction "defines the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984). For federal courts, that authority is "limited." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts may only hear cases where "authorized by Constitution and statute." *Id.* Correspondingly, this Court has "an

independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

28 U.S.C. § 1441(a), the federal removal statute, provides that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts "strictly" construe the removal statute "against removal," *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004), and resolve all doubts "in favor of remand," *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

## III. DISCUSSION

The Insurers assert the Court has jurisdiction under 28 U.S.C. § 1331 because (1) Count One "clearly arises" under federal law; and (2) the doctrine of "complete preemption" confers this Court with jurisdiction. The Court considers each argument in turn.

### A. The Complaint Does Not Present a Federal Question

28 U.S.C. § 1331 empowers federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." A case usually "arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). In exceptional cases, § 1331 confers jurisdiction over a state law claim where a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258; *see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005). Either way,

"the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). Put differently, the Court may hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983).

The Insurers assert, in threadbare fashion, that Count One "clearly" arises under federal law. (Notice of Removal ¶ 9.) It does not. Count One merely "interpleads all of the Defendants—to have the appropriate party/parties pay the appropriate amounts to the Plaintiff" for services rendered. (Compl. ¶ 38.) The Insurers do not identify—and the Court cannot discern—any federal law establishing Count One's cause of action.[5] Likewise, Count Two, which asserts Plaintiff "deserves to be compensated for the value of said medical services from those who benefited," does not "clearly" arise under federal law. (*Id.* ¶ 41.)

Nor does this case fall within "the special and small category" of state law claims that "necessarily" require the Court to resolve a federal issue. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). A state law claim "necessarily" raises a federal issue if "an

[5] While Plaintiff purports to "interplead[]" the Defendants, this is not an interpleader action. Interpleader allows "a person holding property to join in a single suit two or more persons asserting claims to that property." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (quoting *NYLife Distrib., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 372 n.1 (3d Cir. 1995)). "The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability." *Id.* 28 U.S.C. § 1335 confers jurisdiction over any interpleader action where (1) the interpleader plaintiff has "custody or possession" of money or property worth more than $500; (2) two or more adverse claimants "of diverse citizenship" claim entitlement to the interpleader plaintiff's money or property; and (3) the interpleader plaintiff has deposited the money or property in the Court's registry.

Here, Plaintiff does *not* admit it is liable to any of the Defendants. To the contrary, Plaintiff asserts the Defendants are jointly, severally, or individually liable to *Plaintiff*. In any event, Plaintiff does not have "custody or possession" of any money or property subject to this dispute; the Defendants do not claim an entitlement to any money or property; and Plaintiff has not deposited any money or property in the Court's registry. Accordingly, even if this was an interpleader action (and it is not), the Court may not exercise interpleader jurisdiction under § 1335.

element of the state law claim requires construction of federal law." *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412–13 (3d Cir. 2015) (citing *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd,* 578 U.S. 374 (2016)). No element of Counts One or Two requires the Court to interpret federal law. Count One resembles an ordinary breach of contract claim; Count Two sounds in unjust enrichment. Moreover, the case must "present a 'nearly pure issue of law' that would govern numerous other cases"; the issue cannot be "fact-bound and situation-specific." *Id.* at 413 (quoting *Empire*, 547 U.S. at 700–01). This case, by contrast, *is* fact sensitive. It depends on the nature of the services Plaintiff offered to Patient and the agreement Defendants allegedly entered with Plaintiff. Accordingly, the Complaint does not explicitly or implicitly raise a federal question.

**B. ERISA § 502(a) Does Not Completely Preempt Count One**

The Insurers assert that, even if the complaint does not disclose a federal issue, the Court may exercise federal jurisdiction over Count One through the doctrine of complete preemption.

Complete preemption is a "narrow exception to the well-pleaded complaint rule for instances where Congress has expressed its intent to 'completely pre-empt' a particular area of law such that any claim that falls within this area is 'necessarily federal in character.'" *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). Complete preemption applies to ERISA § 502(a). *N.J. Carpenters & Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014) (citing *Metro. Life Ins. Co.*, 481 U.S. at 62–63).[6]

[6] The Court notes that ERISA has two kinds of preemption: "complete preemption" under § 502(a) and "express preemption" under § 514(a). *In re U.S. Healthcare*, 193 F.3d at 160. Complete preemption under § 502(a) "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." *Id.* Claims subject to express preemption under § 514(a) are "displaced and thus subject to dismissal." *Id.*

ERISA § 502(a) completely preempts a claim only if: "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim." *Id.* at 303 (citing *Pascack Valley Hosp. Inc. v. Loc. 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004)). Courts generally refer to this analysis as the "*Pascack Valley* test." *See Atl. Shore Surgical Assocs., P.C. v. UnitedHealth Grp., Inc.*, No. 23-2359, 2024 WL 1704696, at *3 (D.N.J. Apr. 19, 2024). "Because the test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied." *N.J. Carpenters*, 760 F.3d at 303. The removing party "bears the burden" of showing the complaint meets both of *Pascack Valley's* prongs. *Atl. Shore Surgical*, 2024 WL 1704696, at *3 (citation omitted). In applying the *Pascack Valley* test, the Court "may examine the complaint, the statutes on which the claims are based, and the relevant plan documents." *Id.* (citation omitted).

***i. The Insurers Do Not Satisfy the* Pascack Valley *Test's First Prong***

Under the first prong of the *Pascack Valley* test, the removing defendant must show (1) the plaintiff is "the *type* of party that can bring" a § 502(a) claim; and (2) the plaintiff's "*actual claim* . . . can be construed as a colorable claim for benefits" under § 502(a). *Id.* at *4 (quoting *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, at *5 (D.N.J. Sept. 11, 2017)).

The Court begins with the "type of party." ERISA § 502(a) "empowers 'a participant or beneficiary' to bring a civil action 'to recover benefits due to him under the terms of his plan.'" *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015) (quoting 29 U.S.C. § 1123(a)). Participants are "employees, current or former, eligible to receive benefits under a covered plan." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 449 (3d Cir. 2018) (citing 29 U.S.C. § 1002(7)). Beneficiaries are "persons designated by a participant

or the terms of the plan to receive some benefit from the plan." *Id.* (citing 29 U.S.C. § 1002(8)). A healthcare provider "does not fall into either category." *Id.* at 449–50. But a "valid assignment of benefits by a plan participant or beneficiary transfers to such a provider both the insured's right to payment under a plan and his right to sue for that payment." *Id.* at 450 (citing *N. Jersey Brain & Spine*, 801 F.3d at 372). Yet "anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." *Id.* at 453.

Plaintiff is a healthcare provider, not a Plan participant or beneficiary. And the Plan has an anti-assignment clause, stating "You cannot assign any benefits under this Certificate or legal claims based on a denial of benefits to any person, corporation, or other organization." (Plan § XXVII(2).) Thus, as the Insurers themselves recognize (*see* Defs.' Moving Br. at 10–11), Plaintiff cannot bring a § 502(a) claim to recover benefits due under the Plan.

As described above, "a state-law cause of action is completely preempted only if both of [the *Pascack Valley* test's] prongs are satisfied." *N.J. Carpenters*, 760 F.3d at 303. Because Plaintiff is not the type of party who can bring a claim under § 502(a), the Insurers cannot satisfy the first prong of the *Pascack Valley* test. And because ERISA does not completely preempt Plaintiff's claims, the Court lacks subject matter jurisdiction over this action.[7]

---

[7] The Insurers "have been parties to several cases in which federal district courts have rejected their arguments for ERISA preemption in similar legal actions." *Atl. ER Physicians Team Pediatric Assocs., PA v. UnitedHealth Grp., Inc.*, No. 20-20083, 2022 WL 950815, at *4 (D.N.J. Mar. 30, 2022); *see also Atl. Shore Surgical*, 2024 WL 1704696, at *3–6. The Court, at this time, declines to consider whether the Insurers lacked an objectively reasonable basis to remove. But the Insurers "are cautioned not to repeat this approach" in the future. *Atl. ER Physicians*, 2022 WL 950815, at *4. If the Insurers remove future cases based on complete preemption, "they must disclose to the court the caselaw that cuts against their legal arguments (and themselves in particular)." *Id.* The Insurers "should lay out that federal district courts in New Jersey, Pennsylvania, Nevada, Arizona, Florida, and perhaps elsewhere have denied their arguments for ERISA preemption." *Id.* Should the Insurers fail to do so, the Court will not rule out awarding attorneys' fees and imposing sanctions. *See id.*

## IV. CONCLUSION

For the foregoing reasons, this matter is **REMANDED** to New Jersey Superior Court and the Insurers' motion to dismiss (ECF No. 13) is **DENIED** as moot. An appropriate Order accompanies this Opinion.

**DATED:** 8/10/2026

**JULIEN XAVIER NEALS**
**United States District Judge**